IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VANDRICK LAVONNE THOMAS, # 148503, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16cv564-MHT |
| | ) | (WO) |
| DEWAYNE ESTES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner Vandrick Lavonne Thomas ("Thomas"), a state inmate at St. Clair Correctional Facility, in Springville, Alabama, filed this *pro se* petition on July 6, 2016, seeking habeas corpus relief under 28 U.S.C. § 2254. Doc. 1. In the petition, Thomas challenges the validity of his 1997 conviction for first-degree robbery obtained in the Circuit Court of Baldwin County, Alabama. Doc. 1 at 1.

## DISCUSSION

Title 28 U.S.C. § 2241(d) provides, in pertinent part:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, petitions for writ of habeas corpus brought under 28 U.S.C. § 2254 may be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration.

Thomas was convicted in Baldwin County, Alabama, and is incarcerated at the St. Clair Correctional Facility. Baldwin County falls within the Southern District of Alabama. The St.

Clair Correctional Facility is in St. Clair County, Alabama, and falls within the Northern District of Alabama. Because neither Thomas's place of conviction nor his place of incarceration falls within the Middle District of Alabama, this court does not have jurisdiction to entertain his § 2254 petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Thomas is proceeding *pro se* and seeks habeas corpus relief from a conviction entered by Circuit Court of Baldwin County, the court believes it would be in the interest of justice to transfer this case to the United States District Court for the Southern District of Alabama under § 1631.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1631.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before **July 28, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

2

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 14th day of July, 2016.

    /s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE